**DHHR v. V.P., 17-1088**

**Hutchison, J., concurring:**

**FILED**

**March 21, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In its October 2006 Final Order in the abuse and neglect case, the circuit court directed the DHHR to pursue a subsidized guardianship for the three children:

> [T]he WVDHHR shall take whatever steps appropriate to pursue subsidized guardianship for the infant respondents, [J.T.] and [S.T.], and of [L.T.] is [sic] so requested by [V.P.]. Subsidized Guardianship is in the best interest of the infant respondents and is an appropriate final disposition of this matter.

This directive was mandatory—the DHHR "shall take whatever steps appropriate to pursue"—and was supported by a finding that subsidized guardianships would be in the best interests of the children. Although the circuit court narrowed its instructions regarding L.T., ordering that a subsidized guardianship shall be sought "if so requested by" V.P., [1] nobody ever told V.P. about this provision in the order. As a non-party to the abuse and neglect case, V.P. had no access to this order and thus no way of knowing that the court had allowed her this opportunity. It is obvious to me that the DHHR and the guardian *ad litem* failed to completely follow through on the circuit court's order when they did not even ask V.P. whether she was interested in pursuing a subsidized guardianship of L.T. Because V.P. was not timely notified of the contents of the order, the child lost the benefit of several years of support payments.

---

[1] Clearly, the circuit court's use of the word "is" in this sentence was a typographical error that should read "if."

1

However, for purposes of this lawsuit, there is nothing to indicate that this failure was anything other than negligence in the exercise of the DHHR's duties. There is no indication of intentional misconduct, and, admittedly, the circuit court's order was not a model of clarity. The majority has correctly recognized that the DHHR and its employees enjoy qualified immunity from suit for their negligent acts. *See e.g.*, Syl. Pt. 6, in part, *Clark v. Dunn*, 195 W.Va. 272, 465 S.E.2d 374 (1995). Accordingly, I concur in the majority's conclusion that summary judgment on the basis of qualified immunity should be awarded to the DHHR and its two employees.

I write separately to remind the DHHR and guardians *ad litem* of the importance of following through on all issues pertaining to children in abuse and neglect cases. If there is any question about a court's directions, the DHHR and guardians *ad litem* must always err on the side of the children. "It ain't over 'til it's over,"[2] should be the mantra for all parties in these ultra-sensitive cases.

For these reasons, I respectfully concur.

---

[2] This slogan originated with Yogi Berra. Nate Scott, *The 50 Greatest Yogi Berra Quotes*, USA Today Sports (Sept. 23, 2015), https://ftw.usatoday.com/2015/09/the-50-greatest-yogi-berra-quotes (retrieved Mar. 13, 2019).

2